J-S09012-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYREE BASS | : | |
| | : | |
| Appellant | : | No. 1155 EDA 2025 |

Appeal from the PCRA Order Entered April 25, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005903-2008

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYREE BASS | : | |
| | : | |
| Appellant | : | No. 1156 EDA 2025 |

Appeal from the PCRA Order Entered April 25, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005904-2008

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYREE BASS | : | |
| | : | |
| Appellant | : | No. 1157 EDA 2025 |

Appeal from the PCRA Order Entered April 25, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005905-2008

J-S09012-26

BEFORE:   MURRAY, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                          **FILED APRIL 13, 2026**

In these consolidated appeals, Tyree Bass (Appellant) appeals from the order dismissing his serial petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Additionally, Appellant has filed two *pro se* motions to remand for a ***Grazier***[1] hearing. Appellant's counsel, William G. Burrows, Esquire (Counsel), has also filed a Motion to Remand.  After careful review, we grant Appellant's *pro se* Motion for ***Grazier*** Hearing; deny both Counsel's Motion to Remand and Appellant's Supplemental ***Grazier*** Motion as moot; and remand for further proceedings consistent with this memorandum.

Appellant was charged, at three separate dockets, with criminal homicide and related offenses arising out of an altercation in which Appellant shot a man and the man's pregnant girlfriend.  Though doctors were able to save the 28-week-old fetus, the mother passed away; the male victim suffered serious injuries.

Following a jury trial, Appellant was convicted of second-degree murder, criminal conspiracy, possession of an instrument of crime, aggravated assault

---

[*] Former Justice specially assigned to the Superior Court.

[1] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

- 2 -

of an unborn child, and criminal attempt (murder).[2]  On April 22, 2010, the trial court sentenced Appellant to an aggregate life plus 35½ to 75 years in prison.  Appellant filed post-sentence motions, which the trial court denied. This Court affirmed Appellant's judgment of sentence, and our Supreme Court denied allowance of appeal.  **See Commonwealth v. Bass**, 31 A.3d 736 (Pa. Super. 2011) (unpublished memorandum), **appeal denied**, 32 A.3d 1274 (Pa. 2011).

Appellant, *pro se*, filed his first PCRA petition on August 21, 2012.  The PCRA court appointed Appellant counsel, who filed a petition to withdraw and a **Turner**/**Finley**[3] no-merit letter.  After issuing appropriate notice pursuant to Pa.R.Crim.P. 907, the PCRA court denied Appellant's first PCRA petition and granted PCRA counsel leave to withdraw.  This Court affirmed the denial of PCRA relief, and our Supreme Court denied allowance of appeal.  **See Commonwealth v. Bass**, 134 A.3d 102 (Pa. Super. 2015) (unpublished memorandum), **appeal denied**, 138 A.3d 1 (Pa. 2016).

On November 6, 2018, Appellant filed a second *pro se* PCRA petition. Following appropriate Rule 907 notice, the PCRA court dismissed Appellant's second PCRA petition.  Appellant later filed a *pro se* motion seeking reinstatement of his appeal rights, which the PCRA court properly construed

---

[2] 18 Pa.C.S.A. §§ 2502(b), 903, 907, 2606(a), 901.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

as a PCRA petition. On June 27, 2019, the PCRA court granted the petition and reinstated Appellant's right to appeal, *nunc pro tunc*, from the dismissal of his second PCRA petition. This Court affirmed the dismissal. ***See Commonwealth v. Bass***, 240 A.3d 164 (Pa. Super. 2020) (unpublished memorandum). Appellant subsequently filed in our Supreme Court a petition for leave to file a petition for allowance of appeal, *nunc pro tunc*, which the Supreme Court denied. ***See Commonwealth v. Bass***, 103 EM 2020 (Pa. 2021).

Appellant later retained Counsel to represent him in further PCRA proceedings. On June 20, 2024, Appellant, through Counsel, filed the instant PCRA petition.[4] Raising the newly-discovered fact timeliness exception,[5] Appellant argues that "a key prosecution witness had an undisclosed agreement in exchange for her testimony." PCRA Petition, 6/20/24, ¶ 2. The Commonwealth filed a motion to dismiss the petition.

On March 31, 2025, the PCRA court issued Rule 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing. Appellant filed a

_____

[4] We note that throughout his filings in the PCRA court and in this Court, Counsel repeatedly, and incorrectly, asserts that Appellant did not file a direct appeal in this case.

[5] Any petition filed under the PCRA must be filed within one year of the date the judgment becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). A petitioner may overcome this time-bar if he pleads and proves one of three exceptions set forth at section 9545(b)(1)(i)-(iii).

- 4 -

response. Subsequently, on April 25, 2025, the PCRA court dismissed Appellant's PCRA petition.[6]

Appellant filed a timely appeal at each docket number. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

After filing his notice of appeal, Appellant submitted two *pro se* filings in this Court. Additionally, Counsel has filed a Motion to Remand the case for a *Grazier* hearing. We consider these *pro se* filings and Counsel's motion before addressing the merits of Appellant's claims.[7]

On September 30, 2025,[8] Appellant filed a Motion for *Grazier* Hearing, arguing Counsel failed to share with him any court filings, and indicating that

_____

[6] On July 1, 2025, this Court consolidated the appeals *sua sponte*.

[7] "[T]here is no right to hybrid representation at trial or on appeal." *Commonwealth v. Robinson*, 320 A.3d 732, 736 (Pa. Super. 2024) (citing *Commonwealth v. Jette*, 23 A.3d 1032, 1036-37 (Pa. 2011)). Generally, this Court will not accept a *pro se* motion from a counseled appellant. *Id.* Instead, we will note the *pro se* motion on the docket and forward it to counsel. *Id.* "However, a counseled appellant may petition to terminate his representation and elect to proceed on his own behalf or raise ineffectiveness claims against PCRA counsel while his collateral appeal is pending in this Court." *Id.* (internal citation omitted).

[8] Appellant's Motion for *Grazier* Hearing was received by this Court on October 9, 2025. However, in a later filing, Appellant submitted a copy of the prisoner cash slip, confirming he provided this motion to prison authorities for mailing on September 30, 2025. *See* Pa.R.A.P. 121(f) ("A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence."). Because we deem Appellant's *pro se* motion filed on September 30, 2025, **before** Counsel filed
*(Footnote Continued Next Page)*

he wished to proceed *pro se* on appeal. **See** Motion for **Grazier** Hearing, 9/30/25. On December 3, 2025, this Court issued a rule to show cause whether Appellant's *pro se* motion implicates **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021) (holding that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal."). In response, Counsel filed a Motion to Remand, asserting that he had conducted a video visit with Appellant, at which time Appellant indicated he wished to proceed *pro se*. Motion to Remand Case for **Grazier** Hearing, 1/15/26.

In **Greer**, the appellant's (Greer) PCRA counsel filed an application for remand after filing a notice of appeal, but before this Court established a briefing schedule. **See Greer**, 316 A.3d at 626. PCRA counsel explained that Greer had requested a remand in order to challenge PCRA counsel's effectiveness, and to raise additional claims Greer believed PCRA counsel failed to properly develop. **See id.** Though Greer's request did not explicitly seek *pro se* status, our Supreme Court concluded that, "read as a whole, the application raised the possibility that Greer may have preferred proceeding *pro se* to pursue his claims of [PCRA counsel's] ineffectiveness." **Id.** at 629.

---

an appellate brief on October 6, 2025, his Motion for **Grazier** Hearing was timely filed. **Cf. Commonwealth v. Greer**, 316 A.3d 623, 629 (Pa. 2024) ("[I]f the request to proceed *pro se* is filed after counsel has filed a merits brief, the request is considered untimely.").

Accordingly, the **Greer** Court concluded that when an appellant requests to proceed *pro se* on appeal, or the application raises a possibility that the appellant may prefer to proceed *pro se*, "an appellate court must remand the case to the PCRA court to have an on-the-record colloquy with the petitioner about his right to counsel, his inability to proceed through hybrid representation, and how he wishes to proceed." **Id.** at 625; **see also id.** at 629.

In **Robinson**, the appellant (Robinson) filed a *pro se* motion for a **Grazier** hearing after filing a counseled notice of appeal from the dismissal of his untimely second PCRA petition. **Robinson**, 320 A.3d at 735. This Court concluded that the *pro se* motion was a "clear indication" that Robinson wished to pursue ineffective assistance of counsel claims against his existing appellate counsel,[9] and raised the possibility that Robinson would prefer to proceed *pro se*. **Id.** at 739. We also noted that Robinson timely filed the *pro se* motion before appellate counsel filed a merits brief. **Id.** Thus, this Court granted Robinson's motion and remanded the case to the PCRA court to conduct a **Grazier** hearing. **Id.** at 739-40.

_____

[9] Robinson was represented by privately retained counsel during the underlying PCRA proceedings. **See Robinson**, 320 A.3d at 735. PCRA counsel then filed a motion requesting he be appointed as appellate counsel. **Id.** The PCRA court agreed that Robinson was entitled to counsel, but appointed new counsel for purposes of appeal. **Id.**

Similarly, Appellant's first *pro se* Motion for **Grazier** Hearing was timely filed before Counsel filed the merits brief, and the motion contains a clear request to "conduct his appeal *pro se*[.]" Motion for **Grazier** Hearing, 9/30/25. Additionally, Counsel's Motion to Remand confirms Appellant's desire to proceed *pro se*. Motion to Remand Case for **Grazier** Hearing, 1/15/26. Accordingly, based on our Supreme Court's decision in **Greer**, and this Court's decision in **Robinson**, "the most prudent conclusion" is to grant Appellant's *pro se* Motion for **Grazier** Hearing and Counsel's Motion to Remand, and remand to the PCRA court for a **Grazier** hearing. **Robinson**, 320 A.3d at 739; **see also Greer**, 316 A.3d at 631.[10]

The PCRA court shall, within 60 days of the date of this memorandum, conduct an on-the-record colloquy pursuant to **Grazier**, to determine whether Appellant wishes to proceed *pro se* on appeal and whether his decision is knowing, intelligent, and voluntary. If the PCRA court concludes that Appellant wishes to be represented by counsel, the court shall determine Appellant's eligibility for appointment of new counsel, or permit Appellant to retain new counsel. If counsel is appointed or retained, the PCRA court shall direct counsel to file a supplemental Rule 1925(b) concise statement within

_____

[10] Appellant filed a *pro se* Supplemental **Grazier** Motion on January 23, 2026. As we have granted relief on his initial motion, we deny the Supplemental **Grazier** Motion as moot. **See generally In re D.A.**, 801 A.2d 614, 616 (Pa. Super. 2002) (*en banc*) ("An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.") (citation omitted). We similarly deny Counsel's Motion for Remand as moot.

21 days.  If Appellant wishes to proceed *pro se*, and the PCRA court is satisfied that his decision to do so is knowing, intelligent, and voluntary, Appellant shall file a *pro se* Rule 1925(b) concise statement within 21 days.  Within 30 days of the filing of a Rule 1925(b) concise statement, whether counseled or *pro se*, the PCRA court shall issue a responsive Rule 1925(a) opinion.

Appellant's Motion for **Grazier** Hearing granted.  Counsel's Motion for Remand and Appellant's Supplemental **Grazier** Motion denied as moot.  Case remanded with instructions.  Panel jurisdiction retained.